MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
TOMAS CHITIC CUA, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td style="text-align:center">Plaintiff,</td><td style="text-align:center">COMPLAINT</td></tr>
<tr><td style="text-align:center">-against-</td><td style="text-align:center">COLLECTIVE ACTION UNDER<br>29 U.S.C. § 216(b)</td></tr>
<tr><td>GOCHUJANG LLC (D/B/A THE<br>GOCHUJANG), JUMBUM CHO,<br>MINKYOUNG AN, MINSU JIM A/K/A<br>PABLO, and ROMEO DOE,</td><td style="text-align:center">ECF Case</td></tr>
<tr><td style="text-align:center">Defendants.</td><td></td></tr>
</table>

------------------------------------------------------X

Plaintiff Tomas Chitic Cua ("Plaintiff Chitic" or "Mr. Chitic"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Gochujang LLC (d/b/a The Gochujang), ("Defendant Corporation"), Jumbum Cho, Minkyoung An, Minsu Jim a/k/a Pablo, and Romeo Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Chitic is a former employee of Defendants Gochujang LLC (d/b/a The Gochujang), Jumbum Cho, Minkyoung An, Minsu Jim a/k/a Pablo, and Romeo Doe.

2.       Defendants own, operate, or control a Korean restaurant, located at 11 W 32nd St, New York, New York 10001 under the name "The Gochujang".

3.      Upon information and belief, individual Defendants Jumbum Cho, Minkyoung An, Minsu Jim a/k/a Pablo, and Romeo Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Chitic was employed as a cook at the restaurant located at 11 W 32nd St, New York, New York 10001.

5.      At all times relevant to this Complaint, Plaintiff Chitic worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Chitic appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Chitic the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Chitic wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Chitic to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Chitic and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Chitic now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Chitic seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

<u>**JURISDICTION AND VENUE**</u>

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Chitic's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Korean restaurant located in this district. Further, Plaintiff Chitic was employed by Defendants in this district.

<u>**PARTIES**</u>

*Plaintiff*

15.     Plaintiff Tomas Chitic Cua ("Plaintiff Chitic" or "Mr. Chitic") is an adult individual residing in Queens County, New York.

16.     Plaintiff Chitic was employed by Defendants at The Gochujang from approximately March 31, 2014 until on or about July 2020.

17.     Plaintiff Chitic consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Korean restaurant, located at 11 W 32nd St, New York, New York 10001 under the name "The Gochujang".

19.     Upon information and belief, Gochujang LLC (d/b/a The Gochujang) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 11 W 32nd St, New York, New York 10001.

20.     Defendant Jumbum Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jumbum Cho is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jumbum Cho possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Chitic, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Minkyoung An is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Minkyoung An is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Minkyoung An possesses operational control over Defendant Corporation, an ownership interest in

Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Chitic, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Minsu Jim a/k/a Pablo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Minsu Jim a/k/a Pablo is sued individually in his capacity as a manager of Defendant Corporation. Defendant Minsu Jim a/k/a Pablo possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Chitic, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Romeo Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Romeo Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Romeo Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Chitic, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

24.     Defendants operate a Korean restaurant located in the Koreatown area of Manhattan in New York City.

25.     Individual Defendants, Jumbum Cho, Minkyoung An, Minsu Jim a/k/a Pablo, and Romeo Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Chitic's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Chitic, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Chitic (and all similarly situated employees) and are Plaintiff Chitic's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Chitic and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Jumbum Cho and Minkyoung An operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

- 6 -

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiff Chitic's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Chitic, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Chitic's services.

32.     In each year from 2014 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Chitic is a former employee of Defendants who was employed as a cook.

35.     Plaintiff Chitic seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Tomas Chitic Cua*

36.     Plaintiff Chitic was employed by Defendants from approximately March 31, 2014 until on or about July 2020.

37.     Defendants employed Plaintiff Chitic as a cook.

38.     Plaintiff Chitic regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Chitic's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Chitic regularly worked in excess of 40 hours per week.

41.     From approximately September 2014 until on or about December 2016, Plaintiff Chitic worked from approximately 12:00 p.m. until on or about 12:00 a.m., 6 days a week (typically 72 hours per week).

42.     From approximately January 2017 until on or about December 2017, Plaintiff Chitic worked from approximately 12:00 p.m. until on or about 11:00 a.m., 6 days a week (typically 66 hours per week).

43.     From approximately January 2018 until on or about December 2019, Plaintiff Chitic worked from approximately 12:00 p.m. until on or about 10:00 p.m, 6 days per week (typically 60 hours per week).

44.     From approximately January 2020 until on or about March 15, 2020, Plaintiff Chitic's schedule varied, but he worked 6 days a week (typically 48 to 51 hours per week).

45.     From approximately March 16, 2020 until on or about July 2020, Plaintiff Chitic's scheduled varied, but he worked 2 days a week (typically 12 hours per week).

46.     Throughout his employment, Defendants paid Plaintiff Chitic his wages in cash.

47.     From approximately September 2014 until on or about December 2014, Defendants paid Plaintiff Chitic a fixed salary of $450 per week.

48.     From approximately January 2015 until on or about August 2015, Defendants paid Plaintiff Chitic a fixed salary of $475 per week.

49.     From approximately September 2015 until on or about December 2015, Defendants paid Plaintiff Chitic a fixed salary of $500 per week.

50.     From approximately January 2016 until on or about March 2016, Defendants paid Plaintiff Chitic a fixed salary of $525 per week.

51.     From approximately April 2016 until on or about December 2016, Defendants paid Plaintiff Chitic a fixed salary of $630 per week.

52.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Chitic a fixed salary of $660 per week.

53.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Chitic a fixed salary of $700 per week.

54.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Chitic a fixed salary of $740 per week.

55.     From approximately April 2020 until on or about July 2020, Defendants paid Plaintiff Chitic $15.00 per hour.

56.     Plaintiff Chitic's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.     For example, Defendants required Plaintiff Chitic to work an additional 1 hour to 3 hours past his scheduled departure time from January 2020 until March 2020, and did not pay him for the additional time he worked.

58.     Plaintiff Chitic was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59.     On a number of occasions, Defendants required Plaintiff Chitic to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Chitic regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Chitic an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Chitic, in English, Spanish or Kaqchikel (Plaintiff Chitic's primary languages), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Chitic to purchase "tools of the trade" with his own funds—including work shirts.

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Chitic (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

65.     Plaintiff Chitic was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Chitic not receiving payment for all his hours worked, and resulted in Plaintiff Chitic's effective rate of pay falling below the required minimum wage rate.

67.     Defendants habitually required Plaintiff Chitic to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

69.     On a number of occasions, Defendants required Plaintiff Chitic to sign a document the contents of which he was not allowed to review in detail.

70.     Defendants paid Plaintiff Chitic his wages in cash.

71.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

72.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Chitic (and similarly situated individuals) worked, and to avoid paying Plaintiff Chitic properly for his full hours worked.

73.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

74.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Chitic and other similarly situated former workers.

75.     Defendants failed to provide Plaintiff Chitic and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.     Defendants failed to provide Plaintiff Chitic and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.     Plaintiff Chitic brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

78.     At all relevant times, Plaintiff Chitic and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

79.     The claims of Plaintiff Chitic stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

80.     Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Chitic's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Chitic (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

84.     Defendants failed to pay Plaintiff Chitic (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.     Defendants' failure to pay Plaintiff Chitic (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Chitic (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.     Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Chitic (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiff Chitic (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Chitic (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

91.      Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiff Chitic's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Chitic, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

93.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Chitic less than the minimum wage.

94.     Defendants' failure to pay Plaintiff Chitic the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiff Chitic was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

96.      Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Chitic overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.     Defendants' failure to pay Plaintiff Chitic overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff Chitic was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

100.      Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants failed to pay Plaintiff Chitic one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Chitic's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

102.     Defendants' failure to pay Plaintiff Chitic an additional hour's pay for each day Plaintiff Chitic's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

103.     Plaintiff Chitic was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

104.     Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

105.     Defendants failed to provide Plaintiff Chitic with a written notice, in English and Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

106.     Defendants are liable to Plaintiff Chitic in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

107.     Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

108.     With each payment of wages, Defendants failed to provide Plaintiff Chitic with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109.     Defendants are liable to Plaintiff Chitic in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

110.      Plaintiff Chitic repeats and realleges all paragraphs above as though fully set forth herein.

111.      Defendants required Plaintiff Chitic to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

112.     Plaintiff Chitic was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

113.      Plaintiff Chitic repeats and realleges all paragraphs above as though set forth fully herein.

114.    Defendants did not pay Plaintiff Chitic on a regular weekly basis, in violation of NYLL §191.

115.    Defendants are liable to Plaintiff Chitic in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chitic respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Chitic and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Chitic and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Chitic's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Chitic and the FLSA Class members;

(f)    Awarding Plaintiff Chitic and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Chitic and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Chitic;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Chitic;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Chitic;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Chitic;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Chitic's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Chitic;

(n)     Awarding Plaintiff Chitic damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Chitic damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Chitic liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Chitic and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Chitic and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Chitic demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 18, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 4, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Tomas Chitic Cua

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           4 de Septiembre de 2020

*Certified as a minority-owned business in the State of New York*