**United States District Court**
**Southern District of New York**
_____X      Case: 1:20-cv-7735
TOMAS CHITIC CUA, *individually and*
*on behalf all other employees similarly situated*,

        *Plaintiff,*

     -against-      **ANSWER TO FIRST AMENDED COMPLAINT**

MAMA'S K-FOOD INC. (D/B/A THE GOCHUJANG)
JUMBUM CHO, MINKYOUNG AN,

        *Defendants.*
_____X

**DEFENDANTS' ANSWER TO FIRST AMENDED PLAINTIFF'S COMPLAINT**

    Defendants Mama's K-Food Inc, Jumbum Cho and Minkyoung An (collectively referred to herein, as "Defendants") by and through its counsel, Law Firm of DK & Associates, P.C. hereby answer the Complaint of Plaintiff Tomas Chitic Cua ("Plaintiff") and asserts its Affirmative Defenses as follows:

## AS TO "NATURE OF ACTION"

1. Defendants neither admit nor deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff employed for Defendants

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants neither admit nor deny the allegations contained in Paragraph 3 of the Complaint because this Paragraph need to ask many questions with many details.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiff had worked for Defendants in excess of 40 hours some weeks.

6. Defendants deny the allegation contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegation contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth Paragraph 9 of Complaint because Plaintiff assigned work as cook in the kitchen.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants neither admit nor deny the allegations set forth Paragraph 11 of Complaint because they set forth conclusion of law to which no response is required; however, to the extent such Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants neither admit nor deny the allegations set forth in Paragraph 12 of Complaint because they set forth conclusion of law to which no response is required; however, to the extent such Defendants deny the allegations contained in Paragraph 12 of Complaint.

## AS TO "JURISDICTION AND VENUE"

13. Defendants admit the allegations contained in Paragraph 13 of Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

## AS TO "PARTIES"

### Plaintiff

15. Defendants admit the allegations set forth Paragraph 15 of Complaint.

16. Defendants neither admit nor deny the allegations set forth Paragraph 16 of Complaint because Defendants not employed the Plaintiff except period's end-December 2015 to July 2020.

17. Defendants neither admit nor deny the allegations set forth in Paragraph 17 of Complaint because they set forth conclusion of law to which no response is required; however, to the extent such Defendants deny the allegations contained in Paragraph 17 of Complaint.

**Defendants**

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendant neither admit nor deny the allegations contained in Paragraph 19 of the Complaint because the Gochujang which no relationship with Defendants.

20. Defendants admit the allegations set forth in Paragraph 20 of Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of Complaint.

## AS TO "FACTUAL ALLEGATIONS"
### Defendants Constitute Joint Employers

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint, except at all relevant times, Jumbum Cho admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants neither admit nor deny the allegations contained in Paragraph 30 of the Complaint because Defendants not run business periods from 2014 to 2015.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

### Individual Plaintiff

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendant neither admit nor deny the allegations contained in Paragraph 35 because they set forth the conclusion of the law which is nor response is required.

### **Plaintiff Tomas Chitic Cua**

34. Defendants neither admit nor deny the allegations contained in Paragraph 34 of the Complaint, except that Defendants employed for December 2015 to July 2020.

35. Defendants admit the allegation contained in Paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

38. Defendants neither admit nor deny the allegation contained in Paragraph 38 of the Complaint because Plaintiff could control working hours.

39. Defendants neither admit nor deny the allegations contained in Paragraph 39 of the Complaint because Defendants not hire plaintiff during September 2014 until on about December 2015.

40. Defendants neither admit nor deny the allegation contained in Paragraph 40 of the Complaint because his working hours were different how many days a week and starting time and finishing time.

41. Defendants neither admit nor deny the allegations contained in Paragraph 41 of the Complaint because his working hours were different how many days a week and beginning and ending time

42. Defendants neither admit nor deny the allegations contained in Paragraph 44 of the Complaint because his working hours were different how many days a week and beginning and ending time.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants neither admit nor deny the allegation contained in Paragraph 45 of the Complaint because Defendants not hire Plaintiff September 2014 until on or about December 2014.

46. Defendants neither admit nor deny the allegation contained in Paragraph 46 of the Complaint because Defendants not hire Plaintiff January 2015 until on or about August 2015.

47. Defendants neither admit nor deny the allegations contained in Paragraph 47 of the Complaint because Defendants not hire Plaintiff September 2015 until on or about December 2015.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegation contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegation contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

## Defendants' General Employment Practices

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants already answer Paragraph 44 because the same questions.

69. Defendants deny the allegations contained in Paragraph 69 of the complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the complaint.

## FLSA COLLECTIVE ACTION CLAIMS

75. Defendants deny the allegations contained in Paragraph 75 of the complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the complaint.

## AS TO FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUN WAGE PROVISIONS OF THE FLSA

78. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 77 above, as if set forth fully herein response 78 of the Complaint.

79. Defendants neither admit nor deny the allegations set forth in Paragraph 79 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants neither admit nor deny the allegations set forth in Paragraph 81 of the Complaint because they set forth conclusion of law to which no response is required.

82. Defendants neither admit nor deny the allegations set forth in Paragraph 82 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

83. Defendants neither admit nor deny the allegations set forth in Paragraph 83 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

## AS TO SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVIONS OF THE FLSA

85. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 84 above, as if set forth fully herein response 85 of the Complaint.

86. Defendants neither admit nor deny the allegations set forth in Paragraph 86 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

87. Defendants neither admit nor deny the allegations set forth in Paragraph 87 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

### AS TO THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 88 above, as if set forth fully herein response 89 of the Complaint.

90. Defendants neither admit nor deny the allegations set forth in Paragraph 90 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are admitted.

91. Defendants neither admit nor deny the allegations set forth in Paragraph 91 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

### AS TO FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

94. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 93 above, as if set forth fully herein response 93 of the Complaint.

95. Defendants neither admit nor deny the allegations set forth in Paragraph 95 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

96. Defendants neither admit nor deny the allegations set forth in Paragraph 96 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

### AS TO FIFTH CAUSE OF ACTION
### VIOLATION OF THE SEPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

98. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 97 above, as if set forth fully herein response 98 of the Complaint.

99. Defendants neither admit nor deny the allegations set forth in Paragraph 99 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

100. Defendants neither admit nor deny the allegations set forth in Paragraph 100 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

### AS TO SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTCE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

102. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 101 above, as if set forth fully herein response 102 of the Complaint.

103. Defendants neither admit nor deny the allegations set forth in Paragraph 103 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

### AS TO SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVIONS OF THE NEW YORK LABOR LAW

105. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 104 above, as if set forth fully herein response 105 of the Complaint.

106. Defendants neither admit nor deny the allegations set forth in Paragraph 106 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

### AS TO EIGHTH CAUSE OF ACTION
### RECOVERY OF EQUIPMNET COSTS

108. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 107 above, as if set forth fully herein response 108 of the Complaint.

109. Defendants neither admit nor deny the allegations set forth in Paragraph 109 of the Complaint because they set forth conclusion of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

### AS TO NINTH CAUSE OF ACTION
**VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW**

111. Defendants repeats and re-alleges their responses and denials to Paragraph 1 through 110 above, as if set forth fully herein response 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

### AS TO PRAYER FOR RELIEF

116. The "WHEREFORE" clause immediately following Paragraph 113 of the Complaint, including subparagraph (a) through (t), sets forth Plaintiff's prayer for relief to which no responsive pleading is required. However, to the extent a responsive pleading is required. Defendants deny that Plaintiff's is entitled to any relief whatsoever either individually or on behalf of others.

### AS TO JURY DEMAND

117. Defendants neither admit nor deny the allegation of Jury Demand on final Paragraph of the Complaint because they no requires response. To the extent a responsive pleading is required, Defendants denies that Plaintiff's demand.

## AFFIRMSATIVE AND OTHER DEFENSES

118.   By way of further answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses they intend to raise, and they do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### FIRST DEFENSES

119.   Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief van be granted as matter of fact and/or law.

### SECOND DEFENSES

120.   Upon information and belief, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD DEFENSES

121.   Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of accord and satisfaction, release, waiver, and estoppel.

### FOURTH DEFENSES

122.   Upon information and belief, Plaintiff's claims are barred, in whole or in part because of undue hardship.

### FIFTH DEFENSES

- 13 -

123. At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**SIXTH DEFENSES**

124. Any acts or omissions on the part of Defendants were in good faith, and Defendants had reasonable ground for believing that any such act or omission was not a violation of the FLSA or New York Labor Law.

**SEVENTH DEFENSES**

125. Plaintiffs, and those persons on behalf of Plaintiff purport to bring this action, cannot establish a willful violation under the FLSA or New Labor Law.

**EIGHTH DEFENSES**

126. Plaintiffs, and those persons on behalf of Plaintiff purport to bring this acation, are not entitled to liquidated damages because at all times Defendants acted in good faith and had reasonable grounds for believing that their acts and/or omission were not a violation of the FLSA.

**NINTH DEFENSES**

127. Defendants reserve all other defenses available under FLSA, and/or New York Labor Law.

**TENTH DEFENSES**

128.   Defendants reserve the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of this action.

**WHEREFORE**, Defendants respectfully request that this Court:

1. Dismiss Plaintiff's Complaint in its entirety and all claims for relies set forth therein, with prejudice;
2. Deny each and every demand for relief as set forth in Plaintiff's Complaint;
3. Award Defendants the reasonable attorneys' fees and cost they incur in defending this action, and
4. Grant such other and further relief as this Court may find to be just and proper.

Respectfully submitted,

LAW FIRM OF DK & ASSOCIATES, P.C

By : _s/ Do Kyung Kim___
Do Kyung Kim
Attorney for Defendants

Dated: September 10, 2021
Queens, New York

141-25 Northern Blvd., Suite A 30
Flushing, New York 11354
(718) 460-2435
(888) 456-7938 Facsimile