UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TOMAS CHITIC CUA, *individually and on behalf of others similarly situated*,

        *Plaintiffs*,    20-CV-7735

   -against-      **JOINT PRE-TRIAL REPORT**

MAMA'S K-FOOD INC. (D/B/A THE GOCHUJANG), JUMBUM CHO, AND MINKYOUNG AN,

        *Defendants.*
-------------------------------------------------------X

Honorable Alison Nathan, United States District Judge:

Having conferred among themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties adopt the following statements, directions and agreements as the Pre-Trial Order:

**i.** *Caption*:

  The full caption is as listed above.

**ii.** *Parties and Counsel*:

  **a. Plaintiffs:**
  Clela A. Errington, Esq.
  CSM LEGAL, P.C.
  60 East 42nd Street, Suite 2020
  New York, NY 10165
  Tel.: 212-317-1200
  Fax: 212-317-1620
  clela@csm-legal.com

  **b. Defendants:**
  Do Kyung Kim, Esq.
  Law Firm of DK & Associates, P.C.
  141-25 Northern Blvd, Suite A30
  Flushing, NY 11354
  Tel.: 718-460-9494
  Fax: 888-456-7938
  dkkimlaw@gmail.com

**iii.**     *Jurisdiction:*

*Plaintiffs:*

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

Plaintiffs maintain that the Court has jurisdiction over their action. The Plaintiffs in this action are covered employees as defined by the FLSA, and the Defendants do engage in interstate commerce. Defendants also have a gross volume of sales made or business done that exceeds $500,000.00 per year.

*Defendants:*

Defendant's a gross volume of sales or business done less than $ 500,000.00 per year.

**iv.**     *Claims and Defenses***:**
This is an action for money damages brought by Plaintiffs. Plaintiffs bring this suit alleging overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Plaintiffs assert the following claims, all of which remain to be tried.

*Plaintiffs:*

    **1.**     **Violation of the Overtime Provisions of the FLSA**.     Plaintiff alleges that Defendants were their employers and willfully failed to pay them the applicable

overtime wage rate for all hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255(a).

    2.    **Violation of the New York Overtime Provisions**. Plaintiff alleges that Defendants were their employers and willfully failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week. NYLL §§190, *et seq.*; 12 NYCRR §146-1.4.

    3.    **Violation of the Notice and Recordkeeping Requirements of the New York Labor Law.** Plaintiff alleges that Defendants were their employers and did not provide them with written notices, in English and in Spanish (Plaintiffs' primary language) before February 1 of each calendar year, and upon any change in pay rate, as required by NYLL §195(1).

    4.    **Violation of the Wage Statement Provisions of the New York Labor Law.** Plaintiff alleges that Defendants were their employers and did not provide them with accurate statements of wages with each payment, as required by NYLL §195(3).

    5.    **Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor.** Plaintiff alleges that Defendants were his employers and willfully failed to pay him an additional hour's pay for each day that the interval between the beginning and end of their workdays was more than ten hours. 12 NYCRR § 146-1.6.

*Defendants:*

    Defendants denied Plaintiff's alleges 1. 2. 3. 4. and 5.

**v.**    <u>*Jury or Bench Trial*</u>**:**

    Trial is anticipated to take 1-2 days, and is to be without a jury.

    **vi.**    *<u>Consent to Trial by Magistrate Judge</u>*

The parties have not consented to trial by a Magistrate Judge.

    **vii.**    *<u>Stipulations:</u>*

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

**JOINT STIPULATIONS OF FACT**

1. The Plaintiffs filed their present action in the United States District Court in the Southern District of New York on September 18, 2020.

2. Each Defendant was timely served with the Complaint.

3. Plaintiff is a former employee of Defendants.

4. Defendants own/run a business located at 11 W. 32nd St., Unit 1, New York, New York, 10001 under the name The Gochujang.

5. The Defendants' business, The Gochujang, is a restaurant.

6. The Defendants' business has fewer than ten employees.

**JOINT STIPULATIONS OF LAW**

1. The Court has subject matter jurisdiction for Plaintiff's claims under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff's claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court. 28 U.S.C. § 1367.

3. From September 18, 2014 until the present, the minimum wage rate pursuant to the Fair Labor Standards Act was $7.25 per hour. 29 U.S.C. § 206(a).

4. From December 31, 2013 through December 30, 2014, the minimum wage rate pursuant to the New York Labor Law was $8.00. From December 31, 2014 to December 31, 2015, the minimum wage rate pursuant to the New York Labor Law was $8.75. From December 31, 2015 to December 31, 2016, the minimum wage rate pursuant to the New York Labor Law was $9.00. From December 31, 2016 to the December 31, 2017, the minimum wage rate for businesses in New York City with ten or fewer employees pursuant to the New York Labor Law was $10.50. From December 31, 2017 to the December 31, 2018, the minimum wage rate for businesses in New York City with ten or fewer employees pursuant to the New York Labor Law was $12.00. From December 31, 2018 to the December 31, 2019, the minimum wage rate for businesses in New York City with ten or fewer employees pursuant to the New York Labor Law was $13.50. From December 31, 2019 to the present, the minimum wage rate for businesses in New York City with ten or fewer employees pursuant to the New York Labor Law was $15.00. N.Y. Labor law § 652; N.Y. Comp. Code R. & Regs. tit. 12, §142-2.1(a) (2013).

5. The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

6. The statute of limitations under the New York Labor Law is six years.

7. Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

8. Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the

employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2013).

9. Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

10. Under New York State Law, restaurant workers must be paid an hourly rate. Where a restaurant worker is not paid an hourly rate, the employee's regular hourly rate shall be calculated by dividing the employee's total weekly earnings by the lesser of 40 hours or the actual number of hours worked. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5.

**viii.** *Witnesses***:**

Plaintiffs' Prospective Witnesses

1. Tomas Chitic Cua, by affidavit. Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

Plaintiffs reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiffs reserve the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiffs reserve the right to call Defendants' witnesses as adverse witnesses in the event they choose not to testify.

Defendants' Prospective Witnesses

    1.    Junbum Cho, by affidavit. Will testify as to his work with Plaintiff, including hiring policy and job duty, hours' work, payment schedule.

Defenants reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Defendants reserve the right to call additional witnesses to rebut plaintiff's witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Defendants reserve the right to call Plaintiff's witnesses as adverse witnesses in the event they choose not to testify.

**ix.** *Deposition Testimony***:**

The Parties reserve their right to introduce deposition testimony of opposing parties as permitted under the Federal Rules of Civil Procedure.

**x.** *Exhibits*

Plaintiffs' Exhibits

Plaintiffs reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

| **Exhibit** | **Description** | **Objection** |
|---|---|---|
| P-1 | Answer to Complaint | |
| P-2 | Defendants' Responses to Plaintiff's First Set of Document Demands | |
| P-3 | Defendants' Responses to Plaintiff's First Set of Interrogatories | |
| P-3 | Defendants' Pay Roll Record | |
| P-4 | Defendants' Notice & Acknowledgement | |

Defendants' Exhibits

Defendants reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

| Exhibit | Description | Objection |
|---|---|---|
| D-1 | Answer to Complaint | |
| D-2 | Defendants' Responses to Plaintiff's First Set of Document Demands | |
| D-3 | Defendants' Responses to Plaintiff's First Set of Interrogatories | |
| D-3 | Defendants' Pay Roll Record | |
| D-4 | Defendants' Notice & Acknowledgement | |

### xi.    *Statement of Damages*

Overtime & Minimum Wage Damages

Plaintiff maintains that Defendants are liable for unpaid overtime wages in the amount of $128,327.25

The damages are calculated by determining the pay Plaintiff would have received each week if he were paid at the appropriate overtime wage for all hours worked above 40 per week, and subtracting the amount Plaintiff was actually paid for each week.

Liquidated Damages and Prejudgment Interest on Overtime and Minimum Wage Damages

Plaintiff maintains the Defendants are liable for liquidated damages on his overtime claims in the amount of $128,327.25. Plaintiff maintains the Defendants are liable for prejudgment interest on his overtime claims in the amount of $50,276.04.

The damages are calculated by multiplying the weekly unpaid wages by 100%. Pre-judgment Interest is calculated at the rate of nine percent (9%) per annum simple interest under N.Y. C.P.L.R. § 5004.

Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff maintain that the Defendants are liable for Spread of Hours Damages in the amount of $17,490.00.

Spread of hours damages are calculated by multiplying the minimum wage rate by the number of dates that Plaintiffs worked a spread of hours of more than ten.

Liquidated Damages and Prejudgment Interest on Spread of Hours Damages

Plaintiff maintains the Defendants are liable for liquidated damages on his overtime claims in the amount of $17,490.00. Plaintiff maintains the Defendants are liable for prejudgment interest on his overtime claims in the amount of $6,160.61.

The damages are calculated by multiplying the weekly unpaid wages by 100%. Pre-judgment Interest is calculated at the rate of nine percent (9%) per annum simple interest under N.Y. C.P.L.R. § 5004.

Violation of New York Annual Wage Notice Law

Plaintiff maintains Defendants are liable in the amount of $5,000.00.

The damages are calculated by multiplying the number of work days the violation persisted for by $50, up to a maximum of $5,000.

Violation of New York Wage Statement Law

Plaintiff maintains Defendants are liable in the amount of $5,000.00.

The damages are calculated by multiplying the number of work days the violation persisted for by $250, up to a maximum of $5,000.

Dated: New York, New York
March 2, 2022

| **CSM Legal, P.C.** | **Law Firm of DK & Associates, P.C.** |
|---|---|
| By:   /s/ Clela Errington<br>Clela A. Errington, Esq.<br>60 East 42nd Street, Suite 4510<br>New York, NY 10165<br>**Attorneys for Plaintiffs** | By:    /s/ Do Kyung Kim<br>Do Kyung Kim, Esq.<br>5 West 32nd Street, Ground Flr.<br>New York, NY 10001<br>**Attorneys for Defendants** |