# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

July 7, 2022

**VIA ECF**  
Honorable Judge Jed S. Rakoff  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl St.  
New York, N.Y. 10007

*[Handwritten: Settlement approved (including requested attorneys fees and costs. Clerk to enter judgment. SO ORDERED /s/ Jed Rakoff 7-8-22]*

Re: <u>Chitic Cua v. Mama's K-Food Inc. et al, 20-cv-7735</u>

Your Honor:

      This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as Exhibit A.

      Plaintiff alleges that he was employed by Defendants at Defendants' Korean restaurant. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations and assert several affirmative defenses.

      **I.**      **The Proposed Settlement is Fair and Reasonable**

      Under the Agreement, Defendants will pay $27,500.00 to settle all claims. This settlement amount will be paid in one single payment. Payment will be made within 10 calendar days of the Court's approval of the Agreement. Payment shall consist of two checks, one check made payable to Plaintiff Tomas Chitic Cua and the other check will be made payable to "CSM Legal, P.C."

      The actual amount that Plaintiff would be entitled to depends on multiple factors, including the hours he worked and the method by which he was paid – facts that are heavily disputed between the parties. A calculation of his damages based on the Defendants' documents and Plaintiffs' recollections indicates he would be entitled to approximately $38,000.00 in back wages and approximately $150,00.00 if liquidated damages, statutory penalties, and prejudgment interest were he to fully prevail on his claims. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Case 1:20-cv-07735-JSR Document 71 Filed 07/07/22 Page 2 of 3

July 7, 2022
Page 2

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested all of Plaintiff's substantive allegations, contesting the number of hours allegedly worked by Plaintiff and the method by which his wages were determined.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $5,280.00 from the settlement fund as attorneys' fees and costs. This represents thirty-three percent of the Settlement Amount and a reduction in fees from the Plaintiff's retainer agreement. The lodestar in this case, as reflected on the invoice attached hereto as Exhibit C, is $11,646,50 plus $675.00 in costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., predecessor firm to CSM Legal, and was in

Case 1:20-cv-07735-JSR Document 72 Filed 07/11/22 Page 3 of 13
Case 1:20-cv-07735-JSR Document 71 Filed 07/07/22 Page 3 of 3

July 7, 2022
Page 3

practice from 1983 to 2021.[1] From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Clela A. Errington is an associate at CSM Legal, P.C., formerly at Michael Faillace & Associates. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joining Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                     Respectfully submitted,

                                     /s Clela Errington
                                   Clela A. Errington, Esq
                                   CSM Legal, P.C.
                                   *Attorneys for the Plaintiff*

Enclosures

cc: Defendants' Counsel (via ECF)

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiff TOMAS CHITIC CUA ("Plaintiff"), MAMA'S K-FOOD INC. (D/B/A THE GOCHUJANG), JUNBUM CHO and MINKYOUNG AN, ("Defendants") ("Plaintiff" and "Defendants" are jointly referred to as "Parties").

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on October 19, 2020, Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various affirmative defenses; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to the extent that Defendants are liable to Plaintiff for unpaid wages, overtime or other compensation; and

**WHEREAS,** the Parties have determined it is in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS,** the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff has been represented by his counsel, Clela A. Errington, Esq., CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiffs' Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel, Diane Hwakyung Lee, Esq., The Law Offices of Diane H. Lee, 1630 Center Avenue, Fort Lee, New Jersey, 07024, telephone number (201)-363-0101 ("Defendants' Attorney"); and

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between the Parties and their respective attorneys and with the assistance of a mediator experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

{00600353.DOCX.3}

**1) Consideration.** In exchange for, and in consideration of, the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Twenty Seven Thousand Five Hundred Dollars and Zero Cents ($27,500.00) (the "Settlement Amount") as follows:

i) A first payment of Ten Thousand Dollars and Zero Cents, ($10,000.00) (the "Initial Payment") to be made as follows:

    (a) a check in the amount of Three Thousand Three Hundred Dollars and Zero Cents ($3,300.00) made payable to "CSM Legal, P.C.," for immediate deposit ten (10) days after Court Approval of the Agreement;

    (b) a check in the amount of Six Thousand Seven Hundred Dollars and Zero Cents ($6,700.00) made payable to Tomas Chitic Cua for immediate deposit ten (10) days after the Court Approval of the Agreement.

ii) A second payment in the amount of Ten Thousand Dollars and Zero Cents, ($10,000.00) (the "Second Payment") to be made as follows:

    (a) a check in the amount of Three Thousand Three Hundred Dollars and Zero Cents ($3,300.00) made payable to "CSM Legal, P.C.," for immediate deposit thirty (30) days after the Initial Payment;

    (b) a check in the amount of Six Thousand Seven Hundred Dollars and Zero Cents ($6,700.00) made payable to Tomas Chitic Cua for immediate deposit thirty (30) days after the Initial Payment.

iii) A final payment in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) (the "Final Payment") to be made as follows:

    (a) a check in the amount of Two Thousand Four Hundred Seventy-Five Dollars and Zero Cents ($2,475.00) made payable to "CSM Legal, P.C.," for immediate deposit thirty (30) days after the Second Payment;

    (b) a check in the amount of Five Thousand Twenty-Five Dollars and Zero Cents ($5,025.00) made payable to "Tomas Chitic Cua.," for immediate deposit thirty (30) days after the Second Payment;

iv) The payments set forth in Paragraph 1.a. of this Agreement shall be mailed or delivered to: CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Clela A. Errington, Esq., to be made in time to be immediately deposited at the time prescribed by Paragraph 1.a.(ii).

v) Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement. Plaintiff or his authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, whereupon Defendants shall have the right to cure the default within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

2

d) Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that by entering into this Agreement, he is not otherwise entitled to receive the consideration from Defendants or Releasees, except as provided for in this Agreement. Plaintiff acknowledges and agrees that after receipt of the Settlement Amount as set forth in this Paragraph 1, he has been paid and/or has received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which to him is, was, or may has been, entitled from Defendants.

e) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiff' Complaint and all other related matters.

f) Plaintiff represents that he is not aware of any existing lien against their recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants (including Defendants' reasonable costs and attorney's fees) from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against his recovery in this action, including that portion of the recovery representing fees for legal services.

g) Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledges that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

h) Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued, to CSM Legal, P.C., and the Plaintiffs each an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

i) If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that he shall indemnify and hold harmless Defendants from any withholding or tax

3

payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2) **Failure to Pay.** Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) Thirty Five Thousand Dollars and Zero Cents ($35,000.00) less the amount of any payments already made; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to CSM Legal, P.C.. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Plaintiff's attorneys shall hold the executed and notarized confession(s) of judgment in escrow, and the confession(s) of judgment shall not be filed with the Court unless: (i) Defendants fail to make any payment when due pursuant to Paragraphs 1.a. and 1.b. of this Agreement; (ii) Plaintiff provided Defendants a notice of default in the manner prescribed pursuant to Paragraph 1.c. of this Agreement; and (iii) Defendants failed to cure the default pursuant to Paragraph 1.c. of this Agreement by making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

3) **Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of his children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) MAMA'S K-FOOD INC. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ii) MINKYOUNG AN and JUNBUM CHO in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

4

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during his respective employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal. Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right he has or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant, against or involving Defendants and the Releasees, or to permit himself (Plaintiff) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

4) **Discontinuance of Claims.** Plaintiff acknowledges and agrees that other than the Action, he is not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and Defendants or the Releasees. It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants and Releasees in the Action, and that the Action be dismissed with prejudice. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice against all defendants in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney within seven (7) days of receipt of the Initial Payment, on ECF to be reviewed, approved, and So-Ordered by the Court, as such approval is required by Second Circuit case law. Plaintiff agrees to refrain from re-filing any and all claims against Defendants, the co-defendants, and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

5) **Agreement Not to File Suit or Arbitration for Past Acts.** Plaintiff, for and on behalf of himself and his beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that he will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action his behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement. Plaintiff further agrees that in the event that any person or entity should bring such a claim, complaint, or action on his behalf, Plaintiff hereby waives and forfeit any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiff understands that the provisions of this Paragraph mean that he cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

6) **Attorneys' Fees in Suit.** If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff will be required and compelled to pay for all fees and costs incurred by the Releasees, including

5

reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same. Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiff, including reasonable attorneys' fees.

7) **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

8) **Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $27,500.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $27,500.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

9) **Miscellaneous Acknowledgments and Affirmations.**

    a) Plaintiff affirms that upon payment of the Settlement Amount he has been paid and/or has received all compensation, wages, bonuses, tips, commissions, and/or benefits to which he may be entitled.

    b) Plaintiff affirms that he has been granted any leave to which they were entitled and has not been retaliated against for exercising any rights to leave.

10) **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided via email and First Class Mail, to the following:

a) If to Defendants:
    Diane Hwakyung Lee
    The Law Offices of Diane H. Lee
    1630 Center Avenue
    Fort Lee, NJ 07024
    dlee@dhllaw.com

b) If to Plaintiff:
    Clela A. Errington, Esq.
    CSM Legal, P.C.
    60 East 42nd Street, Suite 4510

6

New York, New York 10165
clela@csm-legal.com

**11)  Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

**12)  Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

**13)  Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

**14)  General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**15)  Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**16)  Legal Counsel.** Plaintiff is hereby advised of their right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he was fully and fairly represented by CSM Legal, P.C., in connection with the review, negotiation and signing of this Agreement.

**17)  Competence to Waive Claims.** At the time of considering or executing this Agreement, TOMAS CHITIC CUA was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against the Releasees. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

**18)  Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS HAD THIS AGREEMENT TRANSLATED INTO HIS NATIVE LANGUAGE, HE FULLY UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

7

[SIGNATURE PAGE TO FOLLOW]

**PLAINTIFF**

TOMAS CHITIC CUA

*/s/ Tomas Chitic Cua/*

Dated: 06/22/22

**DEFENDANTS**

MAMA'S K-FOOD, INC.

By: _____

Dated:

By: _____
**MINKYOUNG AN**

Dated:

By: _____
**JUNBUM CHO**

Dated:

9

**PLAINTIFF**

TOMAS CHITIC CUA

_____

Dated:


**DEFENDANTS**

MAMA'S K-FOOD, INC.

By: _____          By: _____
                                    MINKYOUNG AN

Dated: 06|14|2022                   Dated: 6/14/2022


By: _____
JUNBUM CHO

Dated: 06|14|2022

for Jun Bum Cho

```
KANWAL N ALI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AL6385581
Qualified in Nassau County
My Commission Expires 01/01/2023
```

9